UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN ACE JONES, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br><br> v. <br><br> FINANCIAL ASSET MANAGEMENT SYSTEMS, INC. <br> Defendant. | Case No.: <br><br> CLASS ACTION COMPLAINT <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, John Ace Jones, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA"), for a finding that Defendant's form debt collection letter violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### Jurisdiction

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA"), a federal statute.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

3. Venue is proper in this Court because the acts and transactions originated in the Northern District of Georgia and Defendant resides in the Northern District and the Atlanta Division.

## Parties

4. Plaintiff is a natural person residing in Gordon, Georgia, which is located in Baldwin County, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k.

5. Defendant Financial Asset Management Systems, Inc. ("FAMS") is a debt collection company that uses the mail to actively collect consumer debts in the State of Georgia. FAMS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Via an instrumentality of interstate commerce, Defendant FAMS operates a nationwide debt collection business and attempts to collect debts from consumers in several states, including Georgia.

7. The Summons and Complaint may be served on Defendant FAMS by service on its registered agent in Georgia, Timothy Burson at 200 Ashford Center North, Suite 500, Atlanta, GA 30338.

## The Fair Debt Collection Practices Act

8. Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who

refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); *see also Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich L.P.A.*, 559 U.S. 573, 576 (2010).

### Factual Allegations Common to the Class

9. As a matter of pattern and practice, Defendant FAMS sends form debt collections to hundreds of consumers who may, or may not, have received medical treatment from certain healthcare provider(s) in the Emory University Healthcare System.

10. These "dunning" letters never identify the specific provider(s) or entity that the consumer allegedly owes money to. These letters, instead, identify the original creditor generally as "EMORY HEALTHCARE PROVIDER."

11. Defendant FAMS' letter fails to accurately identify the original creditor. There are literally hundreds of healthcare providers in the Emory Healthcare System. "EMORY HEALTHCARE PROVIDER" could mean any number of individual providers, third parties, or affiliates who may (or may not) have rendered services to consumers(s).

12. Defendant FAMS' form debt collection letters also assert to the consumers receiving these letters that the alleged amount(s) owed to the

unidentifiable "EMORY HEALTHCARE PROVIDER" will increase due to "interest, late charges, and other charges" if not paid within a certain window time period.

13. Prior to receiving these form letters, consumer(s) did not a receive bill from any entity or individual claiming to be "EMORY HEALTHCARE PROVIDER," as no such individual or entity exists.

14. Therefore, Consumer(s) are unable to ascertain whether the charges listed in the dunning letters are legitimate.

15. Because there is no such creditor "EMORY HEALTHCARE PROVIDER," Defendant FAMS was never authorized to charge, collect, or threaten to impose interest or late charges. With respect to all putative call members, these letters were intended to create the false impression in consumer(s) that the amount owed may increase unless he or she acts immediately to pay the alleged debt.

16. The identity of a consumer's creditor is a critical piece of information and materially affects the way that consumer(s) proceed.

17. With respect to all putative class members and at all times relevant for this Complaint, Defendant FAMS was attempting to collect a consumer debt.

18. With respect to all putative class members and at all times relevant for this Complaint, Defendant FAMS used interstate commerce—chiefly the

United States Postal Service—to send materially misleading collection letters to consumer(s) from December 22, 2017 to the present.

## Factual Allegations of Plaintiff

19. Defendant FAMS sent Plaintiff Jones a form debt collection letter dated December 22, 2017, which identifies the original creditor as "EMORY HEALTHCARE PROVIDER" and further states:

    As of the date of this letter, you owe $1,115.60. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater.

20. A copy of Defendant's December 22, 2018 form debt collection letter is attached hereto as Exhibit "A."

21. Defendant FAMS sent Mr. Jones another form debt collection letter dated December 29, 2017, which again identified the original creditor as "EMORY HEALTHCARE PROVIDER" and again stated the amount owed may increase because of "interest, late charges, and other charges." A copy of Defendant's December 29, 2017 form debt collection letter is attached hereto as Exhibit "B."

22. As with other letters to putative class members, Defendant FAMS' letter fails to accurately identify the original creditor. There are hundreds of healthcare providers in the Emory Healthcare System. "EMORY HEALTHCARE PROVIDER" could mean any number of individual

providers, third parties, or affiliates who may, or may not, have rendered services to Mr. Jones.

23. Prior to the FAMS' letter, Mr. Jones had never received a bill from any entity or individual claiming to be "EMORY HEALTHCARE PROVIDER."

24. Mr. Jones was unable to ascertain whether the charges listed in the December 22, 2017 and December 29, 2017 dunning letters were legitimate because he could not locate "EMORY HEALTHCARE PROVIDER" on any explanation of benefits sent to him by his health insurance and had never treated with any entity known as "EMORY HEALTHCARE PROVIDER."

25. The identity of a consumer's creditor is a critical piece of information, and the intentional misleading and/or false identification of the creditor in a dunning letter would be likely to mislead a consumer in a material way and could cause the consumer to suffer a disadvantage in charting the course of action in response to the collection effort. *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012).

26. Because there is no such creditor "EMORY HEALTHCARE PROVIDER," Defendant FAMS was never authorized to charge, collect, or threaten to impose interest or late charges.

27. By erroneously stating the amount owed may increase because of "interest" and late charges, the December 22, 2017 and December 29, 2017 form debt collection letters create the false impression in the consumer that the amount owed may increase unless the consumer acts immediately to pay the alleged debt and, thus, is intended to mislead the consumer in a material way and to cause the consumer to suffer a disadvantage in charting the course of action in response to the collection effort.

28. Defendant FAMS was attempting to collect a consumer debt from Mr. Jones in the December 22, 2017 and December 29, 2017 form debt collection letters.

29. Mr. Jones received the December 22, 2017 and December 29, 2017 form debt collection letters.

30. The December 22, 2017 and December 29, 2017 debt collection letters were communications directed to Mr. Jones and originated in this judicial district.

31. Defendant FAMS used means of interstate commerce—chiefly the United States Postal Service—to send the December 22, 2017 and December 29, 2017 form debt collection letters to Mr. Jones.

32. Defendant FAMS' collection actions complained of herein occurred within one year of the date of this Complaint.

33. Defendant FAMS' collection communications are to be interpreted under the "least sophisticated consumer" standard.

34. The debts identified in the December 22, 2017 and December 29, 2017 debt collection letters are for medical debt and, thus, are consumer debts.

## Causes of Action

### Count I – Violation of § 1692e
### False, Deceptive, or Misleading Collection Actions

35. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

36. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

37. Making a false statement as to the name of the original creditor is a materially misleading statement, which violates § 1692e of the FDCPA, see, *Bourff, supra*.

38. Making a false statement as to the imposition of interest and late charges when the same were not accruing is a materially misleading statement, which violates § 1692e of the FDCPA.

39. Defendant's violations of § 1692e of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. 15 U.S.C. § 1692k.

## Count II – Violation of § 1692f
## Unfair or Unconscionable Collection Actions

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. Section 1692f of the FDCPA prohibits a debt collection from using any unfair or unconscionable means to collect or attempt to collect a debt.

42. Defendant FAMS, by falsely stating the original creditor was "EMORY HEALTHCARE PROVIDER" on December 22, 2017 and December 29, 2017 and by falsely stating interest and other charges were accruing, used unfair or unconscionable collection means to collect a debt, in violation of § 1692f of the FDCPA.

43. Defendant's violations of § 1692e of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. 15 U.S.C. § 1692k.

## Class Allegations

44. Plaintiff brings this action seeking class certification accordance with Federal Rule of Civil Procedure 23 on behalf of himself and the following Class:

**All persons in the United States who on a date one year prior to the filing of the initial complaint in this case to the date notice is sent to the Class sent to the Class, (2) received a collection letter (as represented by Exhibit "A" and Exhibit "B" to this Complaint) via an instrument of interstate commerce,** *e.g.* **United States Mail, from Defendant FAMS, (3) for the purpose**

**of collecting a debt, with (4) the misidentification of the creditor as "EMORY HEALTHCARE PROVIDER."**

45. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and its current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the classes' definitions following discovery regarding the size and scope of the alleged classes

46. On information and belief, the number of members of the Classes are so numerous as to make joinder impracticable.

47. This action seeks a finding that Defendant FAMS' use of the aforementioned form letters that misidentify the creditor(s) violates the FDCPA and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

48. Plaintiff Jones' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class.

49. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

50. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant FAMS has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

51. Plaintiff Jones will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.

Moreover, Plaintiff Jones has retained counsel experienced in class action litigation and seasoned consumer rights litigators.

## Demand for a Jury Trial

52. Trial by jury is hereby demanded.

## Prayer for Relief

Plaintiff, John Ace Jones, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Jones as Class Representative of the Class and his attorneys as Class Counsel;

3. Find that Defendant FAMS' form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Jones and the Class, and against Defendant FAMS, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

Submitted December 18, 2018.

John Ace Jones, individually and on behalf of all other similarly situated,

/s/Ronald Edward Daniels
RONALD EDWARD DANIELS
Georgia Bar No.: 540854

P.O. BOX 4939
Eastman, GA 31023

478.227.7331 (t)
478.352.0173 (f)
ron@dlawllc.com
rondanielslaw.com

        /s/ Clifford Carlson
        Clifford Carlson
        Georgia Bar No. 227503

Cliff Carlson Law, P.C.
1114-C1 Highway 96 #347
Kathleen, Georgia 31047
Tel. 478-254-1018
cc@cliffcarlsonlaw.com

        /s/ Jennifer Auer Jordan
        Jennifer Auer Jordan
        Georgia Bar No. 027857

Shamp Jordan Woodward LLC
1718 Peachtree Street NW
Suite 660
Atlanta, Georgia 30309
Tel. 404-893-9400
jordan@sjwtriallaw.com

        ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, the undersigned counsel certifies that this document has been prepared using Times New Roman 14-point font.

Submitted December 18, 2018.

                                               /s/Ronald Edward Daniels
                                               RONALD EDWARD DANIELS
                                               Georgia Bar No.: 540854

P.O. BOX 4939
Eastman, GA 31023
478.227.7331 (t)
478.352.0173 (f)
ron@dlawllc.com
rondanielslaw.com