## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **JOHN ACE JONES, individually and on behalf of all others similarly situated,** | |
| **Plaintiff,** | **CIVIL ACTION NO.**<br>**1:18-CV-5784-AT-CCB** |
| **v.** | |
| **FINANCIAL ASSET MANAGEMENT SYSTEMS, INC.,** | |
| **Defendant.** | |

## <u>NON-FINAL REPORT AND RECOMMENDATION</u>

This case is before the Court for consideration of Defendant Financial Asset Management Systems, Inc.'s motion to dismiss for failure to state a claim. (Doc. 9). In this action, Plaintiff John Ace Jones, on behalf of himself and all others similarly situated, alleges that Defendant's form debt collection letter violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (FDCPA).

For the reasons set forth below, the undersigned **RECOMMENDS** that Defendant's motion to dismiss, (Doc. 9), be **GRANTED IN PART AND DENIED IN PART**. Specifically, the undersigned **RECOMMENDS** that the motion be **DENIED** as to Count I and **GRANTED** as to Count II.

## I.     BACKGROUND

Plaintiff filed suit against Defendant on December 18, 2018. (Doc. 1). The Court draws the following facts from the complaint, as well as from the documents attached to the complaint, which are considered part of the complaint for all purposes. *See* Fed. R. Civ. P. 10(c).

Plaintiff is a consumer, and Defendant is a debt collector. (Doc. 1 at ¶¶ 4, 5). Defendant sent Plaintiff a form debt collection letter dated December 22, 2017. (Doc. 1 at ¶ 19; Doc. 1-1 at 1). The letter identifies a creditor by the name of "EMORY HEALTHCARE PROVIDER," a specific FAMS (the acronym for Defendant) ID number, a specific Emory account number, new charges of $80.50, and a balance owed of $1,150. (Doc. 1-1 at 1). The letter informs Plaintiff that "[s]ince your account was placed with [FAMS] for collections, EMORY HEALTHCARE PROVIDER has reported new charges as shown above. These charges are reflected in the current balance." *Id*. The letter further states: "As of the date of this letter, you owe $1,115.60. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater." (Doc. 1 at ¶ 19; Doc. 1-1 at 1).

2

Defendant sent Plaintiff a second form debt collection letter dated December 29, 2017, which is identical to the first except that it lists new charges of $77.09 and a balance owed of $1,192.69. (Doc. 1 at ¶ 21; Doc. 1-2 at 1). Plaintiff received both letters. (Doc. 1 at ¶ 29.)

Prior to these letters, Plaintiff had never received a bill from an entity or individual claiming to be "EMORY HEALTHCARE PROVIDER." *Id.* at ¶ 23. Plaintiff alleges that "EMORY HEALTHCARE PROVIDER" could refer to any of the hundreds of healthcare providers in the Emory Healthcare system, including any individual provider, third party, or affiliate, who may or may not have rendered services to Plaintiff. *Id.* at ¶ 22. Plaintiff alleges that he could not determine whether the charges listed in the letters were legitimate because he could not locate "EMORY HEALTHCARE PROVIDER" on any explanation of benefits sent to him by his health insurance and had never been treated by any entity known as "EMORY HEALHCARE PROVIDER." *Id.* at ¶ 24. Plaintiff alleges that because "there is no such creditor 'EMORY HEALTHCARE PROVIDER,' Defendant FAMS was never authorized to charge, collect, or threaten to impose interest or late charges." *Id.* at ¶26. Plaintiff further alleges that by "erroneously stating the amount owed may increase because of 'interest' and late charges, the

3

December 22, 2017 and December 29, 2017 form debt collection letters create the false impression in the consumer that the amount owed may increase unless the consumer acts immediately to pay the alleged debt." *Id.* at ¶ 27.

## II. DISCUSSION

### A. Standard on a Motion to Dismiss

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a plaintiff need not include "detailed factual allegations" in the complaint, the requirement to demonstrate the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

4

These standards suggest a two-pronged approach for courts evaluating a motion to dismiss a complaint. *See id.* at 678–79; *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). First, "eliminate any allegations in the complaint that are merely legal conclusions." *Am. Dental Ass'n*, 605 F.3d at 1290. While a court must accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff, *Powell v. Thomas*, 643 F.3d 1300, 1302 (11th Cir. 2011), it need not consider "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678. Nor should it consider "a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Second, "where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Am. Dental Ass'n*, 605 F.3d at 1290 (internal quotation marks omitted).

### B.    Count I –15 U.S.C. § 1692e

Count I alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e, which provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." "The use of 'or' in § 1692e means that, to violate the FDCPA, a representation by a

'debt collector' must merely be false, or deceptive, or misleading." *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012). The statute sets forth "a non-exclusive list of actions that are deemed false, deceptive or misleading and thus run afoul of the statute." *Stewart v. Quality Recovery Servs.*, No. 1:18-CV-1312-AT, 2018 WL 6725553, at *4 (N.D. Ga. Nov. 5, 2018); 15 U.S.C. §§ 1692e(1)–(16). The violative conduct includes making false representations about the "character, amount, or legal status of any debt," § 1692e(2)(A), as well as the "use of any false representation or deceptive means to collect or attempt to collect any debt," § 1692e(10). Plaintiff alleges that Defendant made a "false statement as to the name of the original creditor" and a "false statement as to the imposition of interest and late charges when the same were not accruing." (Doc. 1 at ¶¶ 37–38).

"The FDCPA was passed to eliminate abusive debt collection practices, to ensure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action in protecting consumers against debt collection abuses." *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1312-13 (11th Cir. 2015) (internal quotation marks omitted). The FDCPA allows individuals to sue debt collectors who fail to comply with the Act. *See* 15 U.S.C. §§ 1692b-1692f, 1692k.

6

The Eleventh Circuit uses the "'least-sophisticated consumer' standard to evaluate whether a debt collector's communication violates § 1692e." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193 (11th Cir. 2010); *see also Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 (11th Cir. 2014). "The inquiry is not whether the particular plaintiff-consumer was deceived or misled; instead, the question is whether the least sophisticated consumer would have been deceived by the debt collector's conduct." *Crawford*, 758 F.3d at 1258 (internal quotation marks omitted). "The least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *LeBlanc*, 601 F.3d at 1194 (internal quotation marks omitted). The standard "takes into account that consumer-protection laws are not made for the protection of experts, but for the public — that vast magnitude which includes the ignorant, the unthinking, and the credulous." *Crawford*, 758 F.3d at 1258—59. "However, the test has an objective component in that while protecting naïve consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness." *Id.* at 1259 (internal quotation marks and alterations omitted). "Generally, whether the least sophisticated consumer would construe the conduct

as deceptive is a question for the jury. However, whether [the plaintiff] alleged facts sufficient to state a claim under [the statute] is a legal question for the court." *Miljkovic v. Shafritz and Dinkin, P.A.*, 791 F.3d 1291, 1307 n.11 (11th Cir. 2015) (internal quotation marks, citation, and alterations omitted).

A plaintiff must establish three elements to prevail on an FDCPA claim: "(1) she has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a 'debt collector' under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011) (internal quotation marks and alterations omitted). Here Defendant argues to dismiss the complaint only under the third element—whether there was a prohibited act or a failure to perform under the statute. (Doc. 9-1 at 5).

### 1.    Identify of the Creditor

Defendant argues that identifying the creditor as "Emory Healthcare Provider"—for medical services furnished by providers within the Emory University Healthcare system—is not a false statement. (Doc. 9-1 at 6–8). Plaintiff, on the other hand, argues that Emory Healthcare is made up of hundreds of

providers, including individual physicians, third parties, and affiliates. (Doc. 10 at

5). By identifying the creditor as "Emory Healthcare Provider," Plaintiff argues,

Defendant prevents a consumer from ascertaining the provider that is actually

seeking money. *Id.*

Defendant relies heavily on the Eleventh Circuit's opinion in *Leonard v.*

*Zwicker & Assocs.*, 713 F. App'x 879 (11th Cir. 2017). In *Leonard*, the collection notice

identified the creditor as "American Express," when the actual creditor was either

"American Express Centurion Bank," or "American Express Receivable Financing

Corporation III LLC." *Id.* at 881. The Eleventh Circuit rejected the plaintiff's

argument that "the least sophisticated consumer would have been confused or

misled by Zwicker's reference to 'American Express' because numerous other

entities incorporate the name 'American Express' in their names," and held that

the full business name of the creditor would have been no more confusing to the

least sophisticated consumer than the "commonly used" name "American

Express." *Id.* at 884-85. The court noted that "requiring a debt collector to identify

the creditor by its full business name would not always result in greater clarity to

a naïve consumer, who may be more familiar with a commonly used trade name."

*Id.* at 883. The court held, therefore, that a debt collector need not always identify

the creditor by its full business name, but rather "may use the creditor's full business name, the name under which the creditor usually transacts business, or a commonly used acronym." *Id.*

Defendant argues, consistent with *Leonard*, that it "provided Plaintiff with the trade name that Plaintiff would know—Emory. The fact that Defendant did not provide the specific provider nor the entity within Emory that handles receivables is not misleading." (Doc. 9-1 at 12). The problem with Defendant's argument is that, at this stage of the case, the Court does not know the name of the actual creditor, and it therefore cannot conclude that "Emory Healthcare Provider" is an acceptable trade name the way that "American Express" was in *Leonard*.

The name of the creditor was known in *Leonard* (or at least it was narrowed down to either American Express Centurion Bank or American Express Receivable Financing Corporation III LLC), and the Eleventh Circuit was able to compare the name of the creditor as identified in the collection notice to the name of the actual creditor. 713 F. App'x at 881. Here, neither party identifies the name of the actual creditor. Plaintiff, for his part, alleges that he does not know the name of the creditor because the collection letter does not give him enough information to

10

know the actual provider at issue. (Doc. 1 at ¶¶ 23–24). And Defendant does not identify the name of the actual creditor in the course of making its argument. Rather, it argues that because the issues are related to medical treatment from providers within the Emory Healthcare system, it was not inaccurate to say that "Defendant was collecting debt from an 'Emory Healthcare Provider.'" (Doc. 9-1 at 7). The problem for Defendant is that Plaintiff alleges that the Emory Healthcare system is comprised of "hundreds" of individual providers, third parties, and affiliates. (Doc. 1 at ¶ 22). To determine whether "Emory Healthcare Provider" is a name under which the creditor (including any one of those individual providers, third parties, and affiliates that is at issue here) commonly transacts business, *see Leonard*, 713 F. App'x at 883, the Court has to know the name of the actual creditor. Here it does not.[1]   And therefore it cannot make the comparison that the Eleventh Circuit did in *Leonard. See Schneider v. TSYS Total Debt Mgmt., Inc.*, No. 06-C-345,

---

[1] Defendant does not argue that "Emory Healthcare Provider" is the actual name of the creditor. Plaintiff alleges that the collection letters "fail[] to accurately identify the original creditor." (Doc. 1 at ¶ 22). If "Emory Healthcare Provider" were the actual, true, business name of the creditor, it would have been easy enough for Defendant to say so in its brief. But it does not. It instead argues that "Emory Healthcare Provider" is an accurate way to refer to a provider operating within the Emory Healthcare system. (Doc. 9-1 at 7).

11

2006 WL 1982499, at *3 (E.D. Wisc. July 13, 2006) ("[A]t this early stage of the litigation, the full and complete name of the creditor is unknown, that is, at least to the court.…[W]ithout the full and complete name of the creditor…, it would be impossible for this court to decide whether [the debt collector] sufficiently identified the creditor.").[2]

It may very well be—taking as true Plaintiff's assertion that "'EMORY HEALTHCARE PROVIDER' could mean any number of individual providers, third parties, or affiliates,"(Doc. 1 at ¶ 22)—that the provider, third party, or affiliate at issue in Plaintiff's collection letters is "Emory Healthcare" or that it transacts business under some derivation of "Emory Healthcare." Or maybe not. The Court simply does not have enough facts to do the type of analysis that the

---

[2] Two aspects of *Schneider* are worth noting: (1) the court applied the "unsophisticated consumer" standard, which is similar to, but distinct from, the "least sophisticated consumer" standard that applies to this case and (2) *Schneider* is a pre-*Twombly/Iqbal* case that applied the more lenient pleading standard set out in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *See generally Dokes v. LTD Fin. Servs., L.P.*, 328 F. Supp. 3d 1270, 1279 n.3 (N.D. Ala. 2018) (describing the "extreme similarity" between the "unsophisticated consumer" and "least sophisticated consumer" standards); *Pickelsimer v. Syndicated Office Sys., LLC*, No. 1:18-cv-363-ELR-JKL, 2018 WL 4474643, at *4 (N.D. Ga. Aug 8, 2018) (distinguishing *Schneider* in a § 1692e action based in part on its status as a pre-*Twombly/Iqbal* case). Those differences aside, the Court finds instructive the Eastern District of Wisconsin's recognition of the difficulty in determining whether a listed creditor was false or misleading without knowing the true name of the creditor.

Eleventh Circuit did in *Leonard*. And without that kind of analysis, the complaint sufficiently alleges that the letters fail to accurately identify the creditor.

Defendant also cites other cases which purport to show how slight naming variations between the named creditor and the actual creditor do not violate the FDCPA. (Doc. 9-1 at 10-11; Doc. 13 at 2-3). These cases fall into one of two categories: In the first category, the name on the collection notice shares some word or words with the actual creditor or there is a parent/subsidiary relationship between the named creditor and the actual creditor. *See Campbell v. Am. Recovery Servs.*, 2:15-cv-9079-ODW-AGR, 2016 WL 3219866, at *3 (C.D. Cal. June 8, 2016) (holding that naming the creditor "American Express" instead of the actual creditor name, which would include the word "Company" or identify a subsidiary, did not mislead); *Hammett v. Allianceone Receivables Mgmt.*, No. 11-3172, 2011 WL 3819848, at *5 (E.D. Pa. Aug. 30, 2011) (holding that naming the creditor "PNC Bank" rather than its full corporate name or subsidiary did not mislead); *Eul v. Transworld Sys.*, No. 15 C 7755, 2017 WL 1178537, at *30 (N.D. Ill. Mar. 30, 2017) (holding that naming the creditor "National Collegiate Trust" instead of its precise and full legal name "National Collegiate Student Loan Trust 2003-1" did not mislead). In the second category, the creditor was named correctly, but there

13

was an issue with the formatting of the collection notice or other allegedly confusing language surrounding the name. *See Lait v. Med. Data Sys., Inc.*, No. 1:17-CV-378-WKW, 2018 WL 1990513, at *4, 7 (M.D. Ala. Apr. 26, 2018) (holding that—when read as a whole and assuming the reader had some background knowledge—a collection notice sufficiently named the creditor under § 1692g when it named the creditor correctly as "Medical Center Enterprise" even though it did not explicitly identify that entity as the "creditor"), *aff'd*, 755 F. App'x 913 (11th Cir. 2018); *Pickelsimer*, 2018 WL 4474643, at *3 (holding that—in light of explanatory language in the body of the letter—naming the "Facility" as "Atlanta Medical Center" did not mislead, even though the letter did expressly identify Atlanta Medical Center as the "creditor").

None of the cases in either category involve a general descriptive term that can broadly apply to hundreds of entities that may or may not share common naming conventions. In the second category, the issues are not with the naming of the creditor at all. In the first category, the courts rejected an argument that the collection notice must use the actual business name of the creditor, but they all involve some commonality among the names. For instance, the more exact name "American Express Company" includes the words "American Express," just like

"National Collegiate Student Loan Trust 2003-1" includes the words "National Collegiate Trust." As mentioned above, discovery may reveal that all Emory Healthcare entities include some derivation of "Emory Healthcare Provider" in their names, such that the cases cited by Defendant are on point. But without knowing the actual name of the creditor in question, the Court cannot determine if the name "Emory Healthcare Provider" is false or misleading.

In its reply brief, Defendant contends that what Plaintiff is really arguing is that Defendant failed to "meaningfully disclose" the identity of the creditor. (Doc. 13 at 2). It relies on the Eleventh Circuit's opinion in *Lait*, where the plaintiff alleged that the defendant failed to "effectively convey," the name of the creditor, as opposed to alleging that the defendant misidentified the creditor. 755 F. App'x at 915. The court found that distinction significant, noting that the complaint disputed only "the effectiveness of the debt collection letter, not the accuracy of it." *Id.* Here, in contrast, the complaint expressly alleges that the letters "fail[] to accurately identify the original creditor." (Doc. 1 at ¶ 22). For similar reasons, Defendant's citation to *Encarnacion v. Fin. Corp. of America*, No. 2:17-cv-566-FtM-38UAM, 2019 WL 932263 (M.D. Fla. Feb. 26, 2019), is unpersuasive. This is not a case where Plaintiff is alleging that the letters should have provided "something

more," *id.* at *4, but rather a case where he alleges that Defendant did not accurately identify the creditor itself.

Finally, Defendant argues for a materiality standard, saying that even if "Emory Healthcare Provider" is misleading, it is not materially so. (Doc. 9-1 at 12). Defendant concedes that the Eleventh Circuit has not addressed materiality in the context of § 1692e claims, but advocates for the adoption of such a standard, which would require an allegedly misleading statement to be "capable of influencing the decision of the least sophisticated consumer." *Id.* at 12-15 (citing *Jensen v. Pressler & Pressler*, 791 F.3d 413, 421 (3d Cir. 2015)).

Without deciding whether "materiality" is necessary, the Court concludes that Plaintiff's complaint sufficiently alleges it. The Court disagrees with Defendant's assertion that the complaint "is completely devoid" of any allegation that the identification of "Emory Healthcare Provider" impacted Plaintiff's decision-making process. (Doc. 9-1 at 16). Rather, the complaint alleges that Plaintiff was "unable to ascertain whether the charges listed in the [letters] were legitimate because he could not locate 'EMORY HEALTHCARE PROVIDER' on any explanation of benefits" he received from his insurance carrier and he had never been treated by an entity known as "EMORY HEALTHCARE PROVIDER."

16

(Doc. 1 at ¶ 24). If materiality is required, Plaintiff has sufficiently alleged that Defendant's failure to accurately identify the creditor was material.

Because there are numerous entities that "Emory Healthcare Provider" may refer to, and nothing before the Court indicates that the actual creditor is commonly referred to as "Emory Healthcare Provider" or uses something similar as a trade name, Plaintiff has alleged sufficient facts to state a plausible claim for a violation of § 1692e based on misidentifying the creditor. Therefore, the Court **RECOMMENDS** that Defendant's motion to dismiss be **DENIED** with respect to this claim.[3]

> 2.      Interest, Late Charges, and Other Charges

Plaintiff's next claim involves language in the collection notices that reads as follows:

> As of the date of this letter, you owe [$1,115.60 or $1,192.69]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater.

---

[3] The Court reaches the same conclusion whether the complaint is alleging that the misidentification was "false," or "misleading," or both. The failure to accurately identify the creditor could be either false or misleading. And regardless, Plaintiff need allege only one. "The use of 'or' in § 1692e means that, to violate the FDCPA, a representation by a 'debt collector' must merely be false, or deceptive, or misleading." *Bourff*, 674 F.3d at 1241.

(Doc. 1 at ¶¶ 19, 21; *see* Docs. 1-1, 1-2). In the complaint, Plaintiff alleges that "[b]ecause there is no such creditor 'EMORY HEALTHCARE PROVIDER,' Defendant FAMS was never authorized to charge, collect, or threaten to impose interest or late charges." (Doc. 1 at ¶ 26). In Defendant's motion to dismiss, it argues that the language in the letter warning that the amount due may increase by the time the debt is actually paid—commonly referred to as "safe harbor" language—is not misleading because the balance actually increased from $1,115.60 to $1,192.69. (Doc. 9-1 at 19).

In response, Plaintiff cites *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362 (7th Cir. 2018), for the proposition that debt collectors may not immunize themselves from FDCPA liability by "blindly copying and pasting" the safe harbor language. (Doc. 10 at 7). Plaintiff argues, "Defendant violated the FDCPA by stating the amount Plaintiff owes may increase because of 'interest' and 'late charges,' when the Defendant was not authorized to collect 'interest' or 'late charges' on behalf of 'EMORY HEALTHCARE PROVIDER' from Plaintiff." *Id.*

In reply, Defendant reiterates that the "safe harbor" language referred to an increase in the fees that did, in fact, happen; thus, it was not false or misleading. (Doc. 13 at 7). Defendant perceives an argument in Plaintiff's response that all

18

three types of additional fees—interest, late fees, and other charges—must be increasing in order for the inclusion of "safe harbor" language to be proper. *Id.* Defendant cites *Avila v. Reliant Capital Sols., LLC*, 2:18-cv-2718(ADS)(ARL), 2018 WL 5982488 (E.D.N.Y. Nov. 14, 2018), for the proposition that "so long as one of the three identified charges is accruing then the 'safe harbor' language applies." (Doc. 13 at 7-8). Defendant goes further to distinguish *Boucher* by pointing out that the debt collector in that case was barred by Wisconsin state law from imposing late charges, while Georgia law specifically allows for such charges. *Id.* at 9.

The parties may be talking past one another. The Court reads the complaint to allege that the language in the letters about interest and late fees was misleading *because* there was no proper creditor identified in the letter. (Doc. 1 at ¶ 26). In other words, *because* "EMORY HEALTHCARE PROVIDER" is not a properly identified creditor, Defendant was not authorized to "charge, collect, or threaten to impose interest or late charges" on behalf of that improperly identified creditor. That is the most natural reading of the complaint which, by use of the word "because," ties the improper naming to the ability to collect interest or late charges: "Because there is no such creditor 'EMORY HEALTHCARE PROVIDER,' Defendant FAMS was never authorized to charge, collect, or threaten to impose

interest of late charges." *Id.* Read that way, the "interest or late charges" allegation is nothing more than another way of alleging the falsity of the letters in light of Defendant's alleged misidentification of the creditor.

Defendant, in its reply brief, takes Plaintiff's response to suggest that Plaintiff is arguing that the "safe harbor" language violates the FDCPA unless interest, late charges, and other charges are *all* increasing, and argues that the language is proper if any of those types of charges are increasing. (Doc. 13 at 7–8). It also distinguishes *Boucher*—where state law prohibited the imposition of late charges—and argues that Georgia law does not prohibit interest or late charges. *Id.* at 9.[4] Again, the Court simply does not read Plaintiff's complaint as alleging that the "interest, late charges, and other charges" portion of the letter was false or misleading because such charges were improper under state law or were not actually increasing. If that is what Plaintiff is trying to allege, then the complaint should be dismissed on that ground because nowhere in the complaint does

---

[4] The citation to *Boucher*, and Plaintiff's suggestion that the "facts here are on all fours with *Boucher*," (Doc. 10 at 7), is confusing. *Boucher* is all about whether a letter that threatens "late charges and other charges" that could not be lawfully imposed under state law violates the FDCPA. 880 F.3d at 364, 367. Here, there are absolutely no allegations in the complaint that the interest, late charges, or other charges referenced in the letters are somehow prohibited by Georgia law.

Plaintiff make such an allegation. Rather, Plaintiff simply alleges that Defendant was not authorized to collect such charges "because there is no such creditor 'EMORY HEALTHCARE PROVIDER.'" (Doc. 1 at ¶ 26). And that reading is consistent with Plaintiff's response brief, which links the interest and late charges to the naming issue: "Defendant violated the FDCPA by stating the amount Plaintiff owes may increase because of 'interest' and 'late charges,' *when the Defendant was not authorized to collect 'interest' or 'late charges' on behalf of 'EMORY HEALTHCARE PROVIDER'* from Plaintiff." (Doc. 10 at 7) (emphasis added). Read that way, and viewing the "interest or late charges" allegation in the complaint as just another way of alleging the falsity of the letters in light of the misidentification of the creditor, the undersigned **RECOMMENDS** that Defendant's motion to dismiss be **DENIED** as to Count I.[5]

### C.    Count II—15 U.S.C. § 1692f

Section 1692f provides that a debt collector "may not use unfair or unconscionable means to collect or attempt to collect any debt." The statute offers examples of the type of conduct that violates this section, including: collecting any

---

[5] The Court notes that both allegations—about the falsity of the name of the creditor and the falsity of the right to collect interest and late charges—are alleged in the same Count. (Doc. 1 at ¶¶ 37–38).

amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law; a number of actions relating to post-dated checks; charging for communications, such as through collect calls or telegram fees; certain actions related to nonjudicial action to dispossess or disable property; communicating with a consumer by post card; and using language or symbols other than an address (and in some instances a business name) on any envelope when communicating with a consumer. 15 U.S.C. §§ 1692f(1)–(8).

Section 1692f "prohibits a debt collector from using unfair or unconscionable means in attempting to collect a debt." *Taylor v. Heath W. Williams, L.L.C.*, 510 F. Supp. 2d 1206, 1217 (N.D. Ga. 2007). The statute does not define "unfair" or "unconscionable," and the Eleventh Circuit has looked to the common usage of those words to define them. *Miljkovic*, 791 F.3d at 1308. "Unfair," the circuit noted, is "defined as 'marked by injustice, partiality, or deception.'" *Id.* (citing Merriam Webster's Collegiate Dictionary 1290 (10th ed. 1996)); *see also LeBlanc*, 601 F.3d at 1200 (same). "A step beyond unfair, 'unconscionable' is defined as 'shockingly unfair or unjust.'" *Miljkovic*, 791 F.3d at 1308 (citing Merriam Webster's Collegiate Dictionary 1286 and Black's Law Dictionary 1757 (10th ed. 2014) ("having no conscience; unscrupulous…showing no regard for

conscience; affronting the sense of justice, decency, or reasonableness")); *LeBlanc*, 601 F.3d at 1200 ("The term 'unconscionable means 'having no conscience'; 'unscrupulous'; 'showing no regard for conscience'; 'affronting the sense of justice, decency, or reasonableness.'") (citing Black's Law Dictionary 1526 (7th ed. 1999)).

Plaintiff alleges the same underlying conduct for this claim as he does for the § 1692e claim—namely, that Defendant "by falsely stating the original creditor was 'EMORY HEALTHCARE PROVIDER'…and by falsely stating interest and other charges were accruing, used unfair or unconscionable collection means to collect a debt, in violation of § 1692f." (Doc. 1 at ¶ 42).

In support of the motion to dismiss, Defendant argues that "to state a claim under § 1692f a plaintiff must allege specific conduct, separate from his other claims, that specifically violates a particular section of § 1692f." (Doc. 9-1 at 20). Because Plaintiff pleads the same conduct under both sections, Defendant argues, the § 1692f claim must be dismissed, "particularly where Plaintiff has failed to specifically identify how the conduct is also unfair and unconscionable under § 1692f." *Id.* at 21. Defendant cites a number of district court cases from within and without the Eleventh Circuit holding that a § 1692f claim fails if the complaint "does not identify any misconduct beyond that which Plaintiffs assert violate other

provisions of the FDCPA." *Taylor*, 510 F. Supp. 2d at 1217 (internal quotation marks omitted); Doc. 9-1 at 20–22 (citing cases).

Plaintiff responds with district court cases from within the Eleventh Circuit that have rejected the notion that alleged § 1692f conduct must be distinct from that which a plaintiff alleges violate other provisions of the FDCPA. *See, e.g., Ferrell v. Midland Funding, LLC*, No. 2:15-CV-126-JHE, 2015 WL 2450615, at *5 (N.D. Ala. May 22, 2015) (holding that the same alleged conduct could violate both sections 1692e and 1692f); Doc. 10 at 7–8 (citing cases).

Both parties accurately cite the district court cases in their briefs. In short, there are district court cases from within the Eleventh Circuit—including from this Court—that hold that a complaint "will be deemed deficient under [§ 1692f]…if it does not identify any misconduct beyond that which Plaintiffs assert violate other provisions of the FDCPA." *Taylor*, 510 F. Supp. 2d at 1217 (internal quotation marks omitted); *see also, e.g., Brown v. Credit Mgmt., LP*, 131 F. Supp. 3d 1332, 1342 (N.D. Ga. 2015) (same). And there are cases that hold that the same conduct may simultaneously violate both § 1692f and another provision of the FDCPA. *See, e.g., Foster v. Franklin Collection Serv., Inc.*, No. 5:17-CV-8-TES, 2018 WL 4365518, at * 5

(M.D. Ga. Sept. 13, 2018) (holding that "a single act by a debt collector" can violate § 1692f as well as other provisions of the FDCPA).

The Court need not take a position on this issue—whether, as a matter of law, the same conduct can serve as the basis for liability under both sections 1692e and 1692f—which has divided the courts within the Eleventh Circuit. Because even if the same conduct can simultaneously violate both § 1692e and § 1692f, Plaintiff in this case has failed to allege any facts that would rise to the level of being "unfair" or "unconscionable." Outside of the conclusion that Defendant used "unfair or unconscionable collection means" by "falsely" identifying the creditor as "EMORY HEALTHCARE PROVIDER" and "falsely" stating that interest and other charges were accruing (because there is no such creditor as Emory Healthcare Provider), the complaint offers no facts to suggest what those unfair or unconscionable means are. (Doc. 1 at ¶ 42). There is nothing in the complaint to suggest why using the name of a creditor which, as noted above, may be false or misleading, is also unfair—a term defined in terms of injustice, partiality, or deception. Plaintiff does not allege any facts to show that Defendant intended to act deceitfully or unjustly when it used "Emory Healthcare Provider" to identify a provider from within the Emory Healthcare system. Nor does it allege

any facts to show that such conduct was done without a conscience, was unscrupulous, or itself affronts the sense of justice. *See Miljkovic*, 791 F.3d at 1308–09 (affirming dismissal of § 1692f claim where the conduct alleged was neither "deceitful or an affront to justice"). And the statement in the complaint that identifying the creditor as "EMORY HEALTHCARE PROVIDER" is "unfair" and "unjust" is nothing more than a legal conclusion that the Court must disregard. *Iqbal*, 556 U.S. at 678 (holding that a court need not consider "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements"); *Am. Dental Ass'n*, 605 F.3d at 1290.

Nor does Plaintiff, in his response brief, identify any facts from the complaint that he contends are unfair or unconscionable—he simply says that allegations can simultaneously violate sections 1692e and 1692f. (Doc. 10).[6] All of the actual facts alleged in Plaintiff's complaint go to why the misidentification of the creditor might be false or misleading. But just because something is false or

---

[6] The crux of Defendant's argument is that facts alleged in violation of 1692e cannot, without more, also violate 1692f. But Defendant made this argument in the context of Plaintiff's complaint, which it argued "failed to specifically identify how the conduct is also unfair and unconscionable." (Doc. 9-1 at 21). This argument sufficiently put Plaintiff on notice that, if there were allegations in the complaint to explain how the conduct is unfair and unconscionable, Plaintiff should have identified those in his response.

misleading does not necessarily mean it is also deceptive or unconscionable—and it is facts going to the more egregious state of mind that are missing. In *Miljkovic*, the Eleventh Circuit affirmed the dismissal of a § 1692f claim, holding that catch-all § 1692f provision is "not a free-for-all," while noting that a successful complaint under that section must "allege facts showing that the least sophisticated consumer would or could view [the defendant's conduct] as partial and unjust or as unscrupulous and unethical." *Id.* at 1308. The court noted that the complaint alleged the same conduct as being violative of both sections 1692e and 1692f, and it noted that "in doing so, [plaintiff] fails to specifically identify how [defendant's] conduct here was either unfair or unconscionable *in addition to* being abusive, deceptive, or misleading." *Id.* The court did not hold that a complaint, as a matter of law, cannot allege that the same conduct violates both sections 1692e and 1692f—but it did hold that there have to be factual allegations to support the conduct also being unfair or unjust (in addition to just false or misleading). And that is what is missing here, just as in *Miljkovic*—actual facts, alleged in the complaint, to support a finding of deception or unconscionability. Because Plaintiff's complaint alleges no such facts, the motion to dismiss as to Count II should be **GRANTED**.

27

### III.    CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that Defendant's motion to dismiss, (Doc. 9), be **GRANTED IN PART AND DENIED IN PART**. Specifically, **IT IS RECOMMENDED** that the motion to dismiss be **DENIED** with respect to Count I and **GRANTED** with respect to Count II.

**IT IS SO RECOMMENDED,** this 25th day of July, 2019.

_____
CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE