# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| JOHN ACE JONES, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, ) ) ) ) | Case No.: 1:18-cv-05784-AT-CCB |
| Plaintiff, ) ) ) | CLASS ACTION COMPLAINT |
| v. ) ) | JURY TRIAL DEMANDED |
| FINANCIAL ASSET MANAGEMENT SYSTEMS, INC. Defendant. ) ) ) ) | |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, John Ace Jones ("Plaintiff"), in his complaint ("Complaint") alleges

the Defendant Financial Asset Management Systems, Inc. ("FAMS") sends form

dunning letters to consumers who received medical treatment from certain

healthcare provider(s) in the Emory Healthcare System. As a matter of pattern and

practice, these letters fail to identify the specific provider(s) or entity that the

consumer allegedly owes money to, instead, identifying the original creditor as

"EMORY HEALTHCARE PROVIDER," an entity which does not exist, according

to the Georgia Secretary of State. The letters also include language that the amount

owed will increase due to "interest, late charges, and other charges" if not paid within

a certain time period, despite that the creditor does not exist, and thus no money is

owed it. Prior to receiving these dunning letters, Plaintiff and others similarly

situated did not receive a bill from any entity or individual claiming to be "EMORY

HEALTHCARE PROVIDER," and thus they are unable to ascertain whether the

charges listed in the dunning letters are legitimate. The Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692e, prohibits the use of such false,

deceptive, or misleading representations or means in connection with the collection

of any debt. Accordingly, Plaintiff respectfully requests that, pursuant to Fed. R. Civ.

P. 23(b)(3), this Court certify this case as a class action for the following classes of

similarly situated persons:

> All persons while residing in the State of Georgia from whom
> Defendants have collected or have attempted to collect consumer debts
> incurred for personal, family, or household purposes on behalf of
> alleged creditor, "EMORY HEALTHCARE PROVIDER," during the
> one-year period prior to the filing of this action.

Plaintiff further requests that the Court appoint the Plaintiff as the class

representative, and the undersigned attorneys as class counsel. Plaintiff files this

motion at this time to avoid the plaintiff from being "picked off" through a Fed. R.

Civ. P. 68 offer of judgment or individual settlement offer. *See e.g., Damasco v.

Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011). Plaintiff respectfully requests that

this Court stay briefing on the motion and provide Plaintiff sufficient discovery to

further support and supplement this motion.

## I. The Fair Debt Collection Practices Act

Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

Debt is a big business in America. In the first quarter of 2017, U.S. household debt exceeded 12.73 trillion dollars.[1] This number exceeds the gross domestic product of China.[2] At least 79 million American adults have problems paying off medical debt, in particular.[3] These astounding numbers make it all the more pressing that the FDCPA is not only enforced to protect consumers against abuses, but to ensure that debt collectors who refrain from abusive practices are not competitively disadvantaged.

The FDCPA defines several critical terms: a "consumer" is a natural person obligated or allegedly obligated to pay any debt, 15 U.S.C. § 1692a(3); "debt" is any

---

[1] *Household Debt Makes a Comeback in the U.S.*, New York Times (May 2017) accessed on Mar. 4, 2018 at https://www.nytimes.com/2017/05/17/business/dealbook/household-debt-united-states.html

[2] *In Debt We Trust for U.S. Consumers With $12.7 Trillion Burden*, Bloomberg (Aug. 2017) accessed on Mar. 3, 2017 at https://www.bloomberg.com/news/articles/2017-08-10/in-debt-we-trust-for-u-s-consumers-with-12-7-trillion-burden

[3] *Survey: 79 Million Americans Have Problems with Medical Bills or Debt*, Common Wealth Fund accessed on Sep. 13, 2019 at https://www.commonwealthfund.org/publications/newsletter-article/survey-79-million-americans-have-problems-medical-bills-or-debt

obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, 15 U.S.C. § 1692a(5); a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another, 15 U.S.C. § 1692a(6).

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000, and attorney's fees as determined by the Court and costs of the action. 15 U.S.C. § 1692k.

## II. Factual Allegations

Defendant FAMS sent Plaintiff Jones a form debt collection letter dated December 22, 2017. This letter identifies the original creditor as "EMORY HEALTHCARE PROVIDER" and further states:

> As of the date of this letter, you owe $1,115.60. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater.

Defendant FAMS sent Plaintiff Jones a second letter, dated December 29, 2017, which listed the same creditor and had the same language. Prior to the receiving

these letters from FAMS, Plaintiff Jones had never received a bill from any entity or individual claiming to be "EMORY HEALTHCARE PROVIDER." Plaintiff Jones was unable to ascertain whether the charges listed in the dunning letters were legitimate because he could not locate "EMORY HEALTHCARE PROVIDER" on any explanation of benefits sent to him by his health insurance and had never been treated by any entity known as "EMORY HEALTCHARE PROVIDER."

## III. Argument

Plaintiff seeks certification under Fed. R. Civ. P. Rule 23(b)(3). To maintain a class action, Plaintiff must satisfy the prerequisites of Rule 23(a) and one or more subsections of Rule 23(b).

### A. Numerosity

While rule 23(a) states the requirement that "the class is so numerous that joinder of all members is impractical," Fed. R. Civ. P. 23(a)(1), this Court has interpreted the language to mean that joinder need only be extremely difficult or inconvenient. *Anderson v. Garner*, 22 F.Supp.2d 1379, 1384 (N.D. Ga. 1997). In this case, numerosity is satisfied because it is common practice for debt collectors to use the same form dunning letters. According to its website, FAMS has mailed "1,039,574+" letters. *See* Exhibit "A" *WHY FAMS* accessed on Sep. 25, 2019 http://fams.net/#. Further, Plaintiff has no way of knowing how many similar

dunning letters FAMS sent without engaging in class certification discovery. Thus, joinder would be extremely difficult in this case.

### B. Commonality

While Rule 23(a) requires that "there are questions of law or fact common to the class," Fed. R. Civ. P. 23(a)(2), this section has been interpreted to mean that the proposed class members "have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). The leading treatise explains:

> Rule 23(a)(2) does not require that all questions of law or fact raised in the litigation be common. The test or standard for meeting the Rule 23(a)(2) prerequisite is qualitative rather than quantitative--that is, there need be only single common issue to all member of the class. Therefore, this requirement is easily met in most cases.

1 Herbert Newberg & Alba Conte, *Newberg on Class Actions*, § 3.01, 3-39-3-50 (3d ed. 1992 & June 2002 supplement). The present case presents several common issues, including:

1) Whether Defendant's use of "EMORY HEALTHCARE PROVIDER" as the creditor on dunning letters misled the least sophisticated consumer, such that it violated the FDCPA;

2) Whether Defendant's use of the safe harbor language "[b]ecause of interest, late charges, and other charges that may vary from day to day, the amount due

on the day you pay may be greater," in conjunction with identifying a

nonexistent creditor, was false, such that it violated the FDCPA;

3) The appropriate measure of damages and the appropriate remedies;

4) Defenses raised by FAMS; and

5) The availability of statutory and actual damages pursuant to the FDCPA.

These common issues satisfy the commonality requirement.

## C. Typicality

Rule 23(a)(3) requires that "the claims … of the representative parties are

typical of the claims … of the class." Courts primarily focus on whether the named

plaintiff's claims "have the same essential characteristics" as the claims of other

class members. *See, Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir/ 1985); see

also *Kennedy v. Tallant*, 710 F.2d 711, 717 (11th Cir. 1983) (Rule 23(a)(3) is met

upon a showing that a defendant "committed the same unlawful acts in the same

method against an entire class"). "In other words, there must be a nexus between the

class representative's claims or defenses and the common questions of fact or law

which unite the class. A sufficient nexus is established if the claims or defenses of

the class and the class representative arise from the same event or pattern or practice

and are based on the same legal theory." *Kornberg v. Carnival Cruise Lines, Inc.*,

741 F.2d 1332, 1337 (11th Cir. 1984).

Here, Plaintiff Jones's claims are typical of those of putative class members because they all received the same form dunning letter which misidentified the creditor as the non-existing entity "EMORY HEALTHCARE PROVIDER." Plaintiff Jones was also threatened with the same safe harbor language as putative class members, despite that FAMS could not charge "interest, late charges, and other charges" for an entity that does not exist. The typicality requirement is met.

### D. Adequacy

Finally, Rule 23(a) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Thus, there are two inquiries: "(1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003). A substantial conflict exists only "where some party members claim to have been harmed by the same conduct that benefitted other members of the class … [such that] their interests are actually or potentially antagonistic to, or in conflict with, the interests and objectives of other class members." *Id.* As for the second prong, "the single most important factor … in determining the adequacy of the representative's ability and willingness to advocate the cause of the class [is] the caliber of the plaintiff's attorney." *Newberg on Class Actions* §3:24.

In the present case, no putative class members could benefit by being misled in a dunning letter, thus, there is no substantial conflict of interest. Further, by investigating, filing, and vigorously prosecuting this case, Plaintiff Jones has already demonstrated a desire and ability to protect class members. Presently, he has elected not to pursue solely his individual claims in this matter, but instead is standing up for others who, like him, have been subjected to Defendant's unlawful violations of the FDCPA.

In addition, the undersigned counsel, who request appointment as class counsel, are experienced litigators. Senator Jordan has handled at least 20 class actions multiple consumer actions and has served as an expert on consumer class actions (*see e.g. Bickerstaff, et al. v. SunTrust Bank (Fulton State Court Civil Action No.* 10EV010485). Jordan's reported cases include two that were consumer class actions filed against payday lenders. *USA Payday Cash Advance Center #1, Inc. v. Evans*, 281 Ga.App. 847 (2006) and *Georgia Cash America, Inc. v. Strong*, 286 Ga.App. 405 (2007). *See* Jordan Declaration attached as Exhibit "B." Messrs. Daniels and Carlson have handled hundreds of FDCPA cases in the United States District Courts for the Northern, Middle, and Southern Districts of Georgia. See Carlson and Daniels Declarations attached as Exhibit "C" and "D." Class counsel will litigate this case vigorously to protect the best interests of the class. Plaintiff respectfully submits the adequacy requirement is satisfied.

*E. Predominance*

Rule 23(b)(3) imposes the following requirements for class certification in addition to those mentioned in Rule 23(a):

> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3). The predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods. v. Windsor*, 521 U.S. 591, 623 (1997). Further, this rule only "requires a showing that questions common to the class predominate, not that those questions will be answered, on the merits, in favor of the class." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 459 (2013).

First, in this case, all claims arise under the same federal statute, all involve the same elements of proof, and all involve the same alleged misconduct—a violation of the FDCPA. Second, because class member damages are fixed by statute

the calculation of class wide damages is greatly simplified, and requires no inquiry into the individual circumstances of each class member.

Courts have recognized that actions for fixed statutory damages are particularly appropriate for class certification. *Blair v. Equifax Check Svcs.*, 181 F.3d 832, 836 (7th Cir. 1999); *Chisolm v. TranSouth Financial Corp.*, 194 F.R.D. 538, 568 (E.D. Va. 2000) (where, as here, each class member was entitled to minimum statutory damages regardless of finding of actual injury, "the calculation of the statutory minimum damages can be achieved with minimal impact on the Court's workload and while preserving the rights of the parties"); *Steward v. Slaughter*, 165 F.R.D. 696 (M.D. Ga. 1996).

### F. Superiority

Finally, the instant class action is superior to any other method available to fairly and efficiently adjudicate the class members' claims. *See, e.g., Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985) (recognizing that without a class action, many small claims would never be adjudicated); *Deposit Guar. Nat 7 Bank v. Roper*, 445 U.S. 326 (1980) (when it is economically infeasible for claimants to file individual damage suits, aggrieved persons may be without effective relief unless a class action is available). Further, "[t]he policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide

the incentive for any individual action." *Anchem Prods.*, 521 U.S. at 609 (citing *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997)). Of note, the FDCPA specifically authorizes class actions. *See, e.g., Keele v. Wexler*, 149 F.3d 589 (7th Cir. 1998). Because the FDCPA only provides statutory damages in an amount not to exceed $1,000, it is not economically viable for class members to pursue claims against the Defendant on an individual basis. For all these reasons, the class action device is the superior means of resolving this case.

Regarding "the extent and nature of any litigation concerning the controversy already begun by or against class members," Fed. R. Civ. P. 23(b)(3)(B), Defendant is best positioned to provide relevant information regarding individual actions.

## IV. Conclusion

For the reasons discussed above, the requirements of Rule 23 are satisfied. Therefore, Plaintiff respectfully requests that the Court enter an order certifying the class and appointing his attorneys as Class Counsel. The Plaintiff further respectfully requests that this Court stay briefing on the motion and provide Plaintiff sufficient discovery to further support and supplement this motion.

<div style="margin-left:auto">

John Ace Jones, individually and on behalf of all other similarly situated,

</div>

Submitted September 25, 2019.

/s/Ronald Edward Daniels
RONALD EDWARD DANIELS
Georgia Bar No.: 540854

P.O. BOX 4939
Eastman, GA 31023
478.227.7331 (t)
478.352.0173 (f)
ron@dlawllc.com
rondanielslaw.com

/s/ Clifford Carlson
Clifford Carlson
Georgia Bar No. 227503

Cliff Carlson Law, P.C.
1114-C1 Highway 96 #347
Kathleen, Georgia 31047
Tel. 478-254-1018
cc@cliffcarlsonlaw.com

/s/ Jennifer Auer Jordan
Jennifer Auer Jordan
Georgia Bar No. 027857

Shamp Jordan Woodward LLC
1718 Peachtree Street NW
Suite 660
Atlanta, Georgia 30309
Tel. 404-893-9400
jordan@sjwtriallaw.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D, the undersigned counsel certifies that this document has been prepared using Times New Roman 14-point font.

Submitted September 25, 2019.

/s/Ronald Edward Daniels
RONALD EDWARD DANIELS
Georgia Bar No.: 540854

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all opposing counsel of record by causing a copy of the same to be electronically filed with the Clerk of Court using the CM/ECF system.

Submitted September 25, 2019.

/s/Ronald Edward Daniels
RONALD EDWARD DANIELS
Georgia Bar No.: 540854

P.O. BOX 4939
Eastman, GA 31023
478.227.7331 (t)
478.352.0173 (f)
ron@dlawllc.com
rondanielslaw.com